**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
|                                   )
**PRINCE JONES,**                   )
                                    )
    **Plaintiff,**       )
                                    )
       **v.**    )      **Case No. 19-cv-03168 (APM)**
                                    )
**TODD PERKINS et al.,**            )
                                    )
    **Defendants.**      )
_____ )

## MEMORANDUM OPINION

### I.    INTRODUCTION

Plaintiff Prince Jones brings this action, pro se, against Metropolitan Police Department (MPD) Lieutenant Todd Perkins, MPD Senior Detective Elbert Griffin, MPD Detective Sergeant Douglas Carlson, MPD Sergeant Rachel Pulliam (collectively, the "Individual Defendants"), and their employer, the District of Columbia (the "District"). Plaintiff alleges that Defendants violated his First, Fourth, Fifth, Sixth, Eighth, Tenth, and Thirteenth Amendment rights, and that Defendants also violated the Privacy Act and the Trafficking Victims Protection Act.

Before the court are Defendants' Motion to Dismiss for insufficient service of process and for failure to state a claim, and Plaintiff's Motion for Default Judgment. For the reasons discussed below, the court grants the Motion to Dismiss for insufficient service of process as to the Individual Defendants and for failure to state a claim as to the District and denies Plaintiff's Motion for Default Judgment.

## II.     BACKGROUND

### A.     Factual Background

In 2014, a jury convicted Plaintiff of several offenses arising from two alleged incidents of sexual assault and robbery.  *See Jones v. United States*, 168 A.3d 703, 707 (D.C. 2017); *United States v. Jones*, No. 2013 CF1 018140 (D. C. Super. Ct. 2014).  The prosecution relied heavily on evidence acquired immediately following Plaintiff's arrest.  *See Jones*, 168 A.3d at 725.  The arrest occurred after MPD illegally used a "cell-site simulator"—a technology that allowed the Individual Defendants to locate and track Plaintiff's phone, and therefore his physical location, in real time—without first obtaining a warrant.  *Id.* at 708–10, 713 ("A cell-site simulator allows police officers who possess a person's telephone number to discover that person's precise location remotely and at will.").  In 2017, the District of Columbia Court of Appeals reversed Plaintiff's convictions after finding that MPD "violated the Fourth Amendment when it deployed [a] cell-site simulator against [Plaintiff] without first obtaining a warrant based on probable cause." *Id.* at 707, 711–25.  Following remand, in 2018, Plaintiff pleaded guilty to kidnapping, robbery, and robbery while armed.  *See United States v. Jones*, No. 2013 CF1 018140 (D.C. Super. Ct. 2018).

### B.     Procedural History

On October 16, 2019, Plaintiff filed a pro se Complaint in this court naming as defendants the four officers involved in the warrantless acquisition of evidence against him, in both their individual and official capacities.  *See* Compl., ECF No. 1 [hereinafter Compl.], at 1–3.  On February 18, 2020, the Clerk of the Court issued summonses to the Individual Defendants at the MPD (the "February 18 Summonses").  *See* Summons, ECF No. 10.  The February 18 Summonses were returned unexecuted.  *See* Unexecuted Summons, ECF No. 11.  The court then ordered Plaintiff to "provide new addresses where [the Individual] Defendants can be served with process"

and warned that failure to do so within 30 days of the order may "result in dismissal of this action." Order, Apr. 16, 2020, ECF No. 12.  Rather than providing additional addresses for the four officers, Plaintiff instead submitted the address of the Solicitor General for the District of Columbia and noted that "Defendants are officers or agents of the District of Columbia."  *See* Response to Order, May 1, 2020, ECF No. 13.  Within days of the submission, a copy of the February 18 Summonses and Complaint—which named only the Individual Defendants as defendants—was received by the Attorney General for the District of Columbia (Attorney General), *see* ECF No. 15 (received Apr. 30, 2020), and Mayor of the District of Columbia (Mayor), *see* ECF No. 14 (received May 5, 2020).

On May 6, 2020, because the original Complaint named the Individual Defendants in their official capacities, the court "construe[d] th[e] pro se complaint as if Plaintiff had named the District of Columbia as a party defendant" and ordered "service to be effected upon the Mayor and the Attorney General."  Minute Order, May 6, 2020.  That service occurred on June 9, 2020, and the Mayor and Attorney General returned executed summonses on June 15, 2020.[1]  *See* Return of Service, ECF Nos. 14, 15 [hereinafter Return of Service].  The Individual Defendants and the District of Columbia then moved to dismiss the Complaint on July 22, 2020.  *See* Defs.' Mot. to Dismiss, ECF No. 17 [hereinafter Defs.' Mot.].  For his part, Plaintiff opposed dismissal, *see* Pl.'s Opp'n to Defs.' Mot., ECF No. 20 [hereinafter Pl.'s Opp'n], and filed a Motion for Default Judgment, ECF No. 19.  The parties' motions are now ripe for consideration.

---

[1] The June 15, 2020 docket entry reflects inaccurate dates of service.  *See* ECF No. 14 ("Date of Service Upon the Mayor for the District of Columbia on 5/5/2020."); ECF No. 15 ("Date of Service Upon District of Columbia Attorney General 4/30/2020.").  Those service dates reflect when the Mayor and Attorney General received copies of the original February 18 Summonses and Complaint.  As discussed, as of February 18, the District had not yet been construed as a party to the action.  The first time that the Mayor and Attorney General received a summons and Complaint after the court ordered the District to be added as a defendant was June 15, 2020.

## III.    DISCUSSION

### A.    Service of Process

Defendants first argue that Plaintiff failed to properly serve both the Individual Defendants and the District.  *See* Defs.' Mot. at 6–8.  A plaintiff bears the burden of proving that she has effected proper service.  *See Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003) (citing *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)).  "To do so, [a plaintiff] must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law."  *Light*, 816 F.2d at 751.  "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant."  *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007).  "Failure to effect proper service is thus a 'fatal' jurisdictional defect, and is grounds for dismissal." *Jouanny v. Embassy of Fr. in the U.S.*, 220 F. Supp. 3d 34, 37–38 (D.D.C. 2016); *see also* Fed. R. Civ. P. 12(b)(5).  For the following reasons, the court agrees that the Individual Defendants have not been properly served but finds that the District has been properly served.

### 1.    *Individual Defendants*

Federal Rule of Civil Procedure 4 provides a plaintiff with two paths to serve the Individual Defendants.  First, a plaintiff can take any one of the following three actions:

> (A) deliver[] a copy of the summons and of the complaint to the individual personally;
> (B) leav[e] a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) deliver[] a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2)(A)–(C).  Alternatively, a plaintiff can "follow[] state law for serving a summons . . . in the state where the district court is located."  Fed. R. Civ. P. 4(e)(1).  The District of Columbia Superior Court Rules of Civil Procedure ("D.C. Rules") outline the procedures for

service of any defendant in her individual capacity, "whether or not the officer or employee is also sued in an official capacity." D.C. Super. Ct. R. Civ. P. 4(j)(3)(E). The only procedure implicated here, D.C. Rule (4)(e), mirrors Federal Rule 4(e)(2)—the first path described above. Therefore, the question before this court is whether Plaintiff properly served the Individual Defendants in accordance with any of the three methods listed in Rule 4(e)(2).

The court finds that Plaintiff has not properly served the Individual Defendants. The parties do not dispute that Plaintiff failed to "deliver[] a copy of the summons and of the complaint to the individual personally," *see* Fed. R. Civ. P. 4(e)(2)(A); D.C. Super. Ct. R. Civ. P. 4(e)(2)(A), or that he failed to serve the Individual Defendants at their "dwelling or usual place of abode," *see* Fed. R. Civ. P. 4(e)(2)(b); D.C. Super. Ct. R. Civ. P. 4(e)(2)(b). Plaintiff instead argues that he effected proper service under Rule 4(e)(2)(C) because "the Mayor and Attorney General . . . are the [a]uthorized [a]gents appointed by [l]aw to receive service of [p]rocess" for the Individual Defendants. Pl.'s Opp'n at 7.[2] But Plaintiff is incorrect. The D.C. Rules do not authorize the Mayor and Attorney General to accept service of process on behalf of MPD officers when the officers are sued in their individual capacities. *Compare* D.C. Super. Ct. R. Civ. P. 4(j)(3)(A) (allowing the Mayor and Attorney General to accept service on behalf of the District), *and* D.C. Super. Ct. R. Civ. P. 4(j)(3)(D) (permitting the Mayor and Attorney General to accept service on behalf of officers sued only in their official capacity), *with* D.C. Super. Ct. R. Civ. P. 4(j)(3)(E) (requiring that officers sued in their individual capacity be served under Rule 4(e) *in addition to* service on the District of Columbia under Rule 4(j)(3)(A)). Because Plaintiff here has not "*also*

---

[2] Although Plaintiff has not replied with this defense, his attempt to serve the Individual Defendants via the MPD was also improper. The MPD can accept service on behalf of its officers only where the individual officers "actually or by implication authorize[] an [MPD] agent to accept service on their behalf." *Pollard v. District of Columbia*, 285 F.R.D. 125, 129 (D.D.C. 2012) (finding insufficient service of process, despite MPD's acceptance, because the record lacked "any evidence" that the individual officers had authorized MPD to do so). Even if the court today provided Plaintiff with yet another opportunity to perfect service, Plaintiff provides no evidence to indicate that the Individual Defendants have provided such authorizations.

serve[d] the officer[s] . . . under Rule 4(e)," *see* D.C. Super. Ct. R. Civ. P. 4(j)(3)(D) (emphasis added), the court finds that the Individual Defendants have not been properly served.

"In certain circumstances, courts have granted a [pro se] plaintiff the opportunity to perfect inadequate service of process, rather than dismissing the case for failure to comply with Rule 4." *Hampton v. Comey*, No. 14-CV-1607 (ABJ), 2016 WL 471277, at \*10 (D.D.C. Feb. 8), *aff'd*, No. 16-5058, 2016 WL 6238558 (D.C. Cir. Sept. 8, 2016). But the court here has already provided Plaintiff the opportunity to perfect service. *See* Summons, ECF No. 10; Order, Apr. 16, 2020, ECF No. 12. Because Plaintiff still has not complied with Rule 4, the court now grants Defendants' Motion to Dismiss as to the Individual Defendants. *See Johnson v. District of Columbia*, 65 F. Supp. 3d 92, 94 n.2 (D.D.C. 2014), (dismissing for insufficient service of process where pro se plaintiff had "yet to comply with the court's orders to provide a service address"), *aff'd*, 927 F.3d 539 (D.C. Cir. 2019).

2.     *The District*

Defendants also argue that Plaintiff failed to properly serve the District of Columbia. *See* Defs.' Mot. at 7–8. "The District of Columbia must be served by delivering . . . a copy of the summons[] [and] complaint[] . . . to the Mayor . . . and the Attorney General . . . ." D.C. Super. Ct. R. Civ. P. 4(j)(3)(A). Pointing to Plaintiff's repeated (but failed) attempts to serve the Individual Defendants, Defendants argue the District was never properly served because the District never received a summons and Complaint that was "directed" to the District. *See* Defs.' Mot. at 7 (citing Fed. R. Civ. P. 4(a)(1)(A)–(B)).

The court disagrees. To be sure, Plaintiff's back-and-forth attempts to serve the Individual Defendants have led to a complicated factual record. But any lingering confusion as to Plaintiff's service of the District is overcome by the undisputed events that followed the court's May 6, 2020

order.  After construing the pro se Complaint to name the District as a defendant, the court ordered that service be effected on the Mayor and Attorney General in accordance with D.C. Rule 4(j)(3)(A).  *See* Minute Order, May 6, 2020.  On June 9, the Mayor and Attorney General were served in accordance with the May 6 order.  At that time, the District was treated as a party defendant and the subsequent service constituted service *directed* to the District.[3]  *See* Return of Service.  The court thus finds that Plaintiff properly served the District.

### B.      Failure to State a Claim

Defendants next argue that Plaintiff fails to state a claim for relief against the District.  *See* Defs.' Mot. at 8, 10–11.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  At the motion to dismiss stage, the court "must accept as true the well-pleaded factual allegations set forth in a complaint, and it must hold a complaint drafted by a *pro se* plaintiff to a less stringent standard than it would apply to a complaint drafted by a lawyer."  *Banks v. Bowser*, No. CV 18-2146 (TNM), 2019 WL 2161565, at *1 (D.D.C. May 17, 2019) (citing

---

[3] To the extent that Defendants object that the Complaint was not formally amended to name the District after the May 6 order, the argument does not change the court's decision.  "Where the necessary parties in the government have actual notice of a suit, suffer no prejudice from a technical defect in service, and there is a justifiable excuse for the failure to serve properly, courts should not and have not construed Rule 4[] so rigidly."  *Jordan v. United States*, 694 F.2d 833, 836 (D.C. Cir. 1982); *see also Huskey v. Quinlan*, 785 F. Supp. 4, 6 (D.D.C. 1992) (rejecting the "rigid analysis advanced by the Defendants" and applying *Jordan* to a pro se plaintiff's service attempts "despite the defect in service" because "the necessary parties in the government have actual notice of the suit" and "[t]he government received copies of the summons and complaint and has defended itself against Plaintiff's claims through a pretrial Motion to Dismiss").  Here, the District "suffers no prejudice from a technical defect in service" because it received copies of the original February 18 Summonses and Complaint on April 30, 2020 (Attorney General) and May 6, 2020 (Mayor), *see* Return of Service; was served on June 9, 2020, and returned executed summonses on June 15, 2020, *see id.*; and "defended itself against Plaintiff's claims through a pretrial Motion to Dismiss" on July 22, 2020, *see* Defs.' Mot.  *Huskey*, 785 F. Supp. at 6.

*Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam)).  Even so, a pro se plaintiff "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges violations of his constitutional and statutory rights pursuant to 42 U.S.C. § 1983.  *See* Compl. at 4, 14.  Applying the foregoing standards, the court grants Defendants' Motion to Dismiss on all claims.

 *1. Fourth Amendment Claim*

"To state a claim for relief against a municipality under Section 1983, a plaintiff must satisfy two requirements: [they] must plead [1] a predicate constitutional violation and [2] that a custom or policy of the municipality caused the violation."  *Blue v. District of Columbia*, 811 F.3d 14, 18 (D.C. Cir. 2015) (cleaned up); *Jones*, 634 F.3d at 601 (noting that a pro se plaintiff must allege "that a District custom or policy caused the claimed violations of his constitutional rights" (internal quotation marks omitted)); *see also Bowser*, 2019 WL 2161565, at *4 (applying *Blue* to a pro se plaintiff's claims).  To allege a Section 1983 claim based on a municipal policy or custom, "a plaintiff must plead the elements of the relevant type of municipal policy" or custom.  *Blue*, 811 F.3d at 18, 20 ("If the plaintiff fails to identify the type of municipal policy at issue, the court [will] be unable to determine . . . whether the plaintiff ha[s] provided plausible support for her claim.").  Because the D.C. Court of Appeals found the officers who arrested Plaintiff committed a predicate violation of his Fourth Amendment rights,[4] *see Jones*, 168 A.3d at 707, the only question before

---

[4] Defendants also argue that, because Plaintiff subsequently pleaded guilty after the D.C. Court of Appeals reversed his convictions, those "guilty pleas bar his contrary civil claim."  *See* Defs.' Mot. at 10 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).  But as the D.C. Circuit has explained, a guilty plea does not prevent a plaintiff from seeking damages under 42 U.S.C. § 1983.  *See Jones v. Kirchner*, 835 F.3d 74, 84 (D.C. Cir. 2016) ("[W]hen a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by [his proving] an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized." (quoting *Haring v. Prosise*, 462 U.S. 306, 321 (1983))).

this court is whether Plaintiff has sufficiently pleaded that a custom or policy of the municipality

caused the violation of his Fourth Amendment rights.  To do so, Plaintiff must

> point to (1) the explicit setting of a policy by the government that violates the
> Constitution, (2) the action of a policy maker within the government, (3) the
> adoption through a knowing failure to act by a policy maker of actions by his
> subordinates that are so consistent that they have become "custom," or (4) the
> failure of the government to respond to a need (for example, training of employees)
> in such a manner as to show "deliberate indifference" to the risk that not addressing
> the need will result in constitutional violations.

*Blue*, 811 F.3d at 18–19 (cleaned up) (quoting *Baker v. District of Columbia*, 326 F.3d 1302, 1306

(D.C. Cir. 2003)).  Although Plaintiff does not cite this requirement, a generous reading of the pro

se Complaint finds that he relies on only the fourth test.

Plaintiff alleges that the MPD officers who arrested him acted "without proper legal

education and training" when they unlawfully tracked him with a cell site simulator.  *See* Compl.

at 4, 6.  But beyond that bare conclusory assertion, Plaintiff offers no factual matter whatsoever to

"state a claim to relief that is plausible on its face."  *See Iqbal*, 556 U.S. at 678 (internal quotation

marks omitted).  Instead, Plaintiff merely recounts the events surrounding his 2013 arrest.  *See*

Pl.'s Opp'n at 4–5.  Without more, Plaintiff's Section 1983 claim cannot survive Defendants'

Motion to Dismiss.

### 2.    *Other Claims*

Plaintiff next alleges that the District violated his First, Fifth, Sixth, Eighth, Tenth, and

Thirteenth Amendment rights, and that the District also violated the Privacy Act and the

Trafficking Victims Protection Act ("TVPA").  *See* Compl. at 4, 14.  Here, too, Plaintiff fails to

state a plausible claim.

Plaintiff's various alleged constitutional violations against the District are Section 1983

claims by another name.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978).  Once

more, to state such a claim, Plaintiff "must plead [1] a predicate constitutional violation and [2]

that a custom or policy of the municipality caused the violation." *Blue*, 811 F.3d at 18 (internal quotation marks omitted).  Beyond merely stating the legal conclusion that the District violated his constitutional rights (other than his already-discussed Fourth Amendment right), Plaintiff provides no factual allegations that support a plausible predicate constitutional violation or the existence of a custom or policy that caused such violation.

Plaintiff's two statutory claims likewise fail.  First, the Privacy Act "expressly excludes the government of the District of Columbia" from its reach.  *Barnett v. United States*, 195 F. Supp. 3d 4, 6 n.2 (D.D.C. 2016) (citing 5 U.S.C. §§ 551(1)(D), 552(a)(1)).  Second, the TVPA does not apply to the acts that Plaintiff alleges.  *See Lagayan v. Odeh*, 199 F. Supp. 3d 21, 26–27 (D.D.C. 2016) (explaining that the TVPA "combat[s] trafficking in persons, a contemporary manifestation of slavery whose victims are predominately women and children, and . . . ensure[s] just and effective punishment of traffickers").  In any event**,** because Plaintiff offers no more than conclusory allegations to support these claims, Defendants' Motion to Dismiss must be granted. *See Iqbal*, 556 U.S. at 678.

### C.   Default Judgment

Simultaneously with his opposition to Defendants' motion to dismiss, Plaintiff filed a Motion for Default Judgment, ECF No. 19.  In considering such a motion, "strong policies favor resolution of disputes on their merits."  *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980); *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980) (instructing that "modern federal procedure favor[s] trials on the merits").  Thus, entry of default judgment "must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."  *Jackson*, 636 F.2d at 836 (internal quotation marks omitted); *see also* Fed. R. Civ. P. 55(a).  Because Defendants have not been "an essentially unresponsive party,"

and because this dispute can be resolved on the merits, the court denies Plaintiff's Motion for Default Judgment. *See Jackson*, 636 F.2d at 836 (internal quotation marks omitted).

## IV.    CONCLUSION

For the reasons stated above, the court grants Defendants' Motion to Dismiss for insufficient service of process as to the Individual Defendants and for failure to state a claim as to the District, ECF No. 17, and denies Plaintiff's Motion for Default Judgment, ECF No. 19. A separate final Order accompanies this Memorandum Opinion.

Dated:  November 24, 2020

Amit P. Mehta
United States District Court Judge